## CONNER v. IOWA CITY ET AL.

66  419
d125 139

1. **Cities and Towns:** VACATION OF PLAT BY OWNER OF PROPERTY: POWER OF CITY TO INTERFERE. Plaintiff was the owner of two blocks lying on the outskirts of the defendant city, bounded on the west by unplatted land owned by himself, and separated by a street running east and west, and terminated on the west by plaintiff's said land. There were also alleys platted through the center of each block. The street and alleys had never been opened for travel, and plaintiff had them vacated in the manner provided by § 564 of the Code. *Held* that the city council had no power to make an *ex parte* judicial determination that the plaintiff's act was void, and that such determination, and an order based thereon, did not clothe the city's street commissioner with power to open up the streets and alleys to public travel.

*Appeal from Johnson District Court.*

MONDAY, JUNE 8.

THIS is a controversy respecting the right of the plaintiff to vacate part of the plat of an addition to Iowa City. The plaintiff claimed the right to vacate two blocks, and the streets and alleys through the same, and by a written instrument executed, acknowledged and recorded, he declared the same vacated. The defendant, by its street commissioner, proceeded to open up a street between said two blocks. The plaintiff by this action demanded that the defendant be enjoined from interfering with the inclosure of the two blocks in common. The defendant answerd the petition, and a trial was had, and a decree was entered perpetually enjoining the defendants as prayed in the petition. Defendants appeal.

*C. S. Ranck* and *J. A. Edwards*, for appellants.

*Robinson & Patterson*, for appellee.

ROTHROCK, J.—The plaintiff is the owner of blocks 3 and 6 in Cook, Sargent & Downey's addition to Iowa City. He has owned most of the lots in these blocks for many years.

The two blocks lie contiguous to each other. Their west line is the boundary of the platted addition, and there is no street on their west line. There was a street platted between the two blocks, but it had no outlet to the west. The plaintiff owns a strip of land on the west line of the blocks abutting upon the end of the street. There were alleys platted through the center of each block. This street and the alleys had never been opened up for travel, and the evidence shows that the street has been practically closed up between these two blocks with fences for many years.

The plaintiff, being the owner of the whole of the two blocks, in August, 1882, executed, acknowledged, and caused to be recorded, an instrument in writing declaring that portion of the plat embraced in blocks 3 and 6, and the intervening streets and alleys be vacated. Section 564 of the Code authorizes any part of a town plat to be vacated by the proprietors thereof, pursuing the course adopted by the plaintiff in this case, "provided such vacating does not abridge or destroy any of the rights and privileges of other proprietors in said plat;" and section 565 provides that when any part of a plat shall be vacated, the proprietors of the lots so vacated may inclose the streets, alleys and public grounds adjoining said lots in equal proportions. The question of fact tried and determined by the district court was whether any of the rights and privileges of others were abridged or destroyed by the vacation of the street between the blocks. The evidence shows very plainly that the court was correct in holding that no one was prejudiced by allowing it to remain inclosed.

II. The defendants in their answer set up, in substance, that on or about December 8, 1882, the city council of Iowa City had under consideration the question as to whether the filing and recording of the written instrument was a valid and legal vacation, and whether the city still had the power to open the streets and alleys in question to public use and travel, and said council judicially determined that said vaca-

tion was invalid, and that the city had the right to open said streets and alleys to public travel and use, and that said council ordered the street commissioner to open the street between said blocks; and that, the city having judicially determined all the questions involved in this action, the said determination is conclusive, and the court has no power or jurisdiction to pass upon or determine any of said questions in this proceeding. There was a demurrer to this count of the answer. The demurrer was sustained, and the defendants excepted. We think this ruling was correct.

It is true, the city council has the " power to lay off, open, widen, straighten, narrow, vacate, extend, establish and light streets, alleys, public grounds, wharves, landing and market places, and to provide for the condemnation of such real estate as may be necessary for such purposes," (Code, § 464;) but the plaintiff had express authority, conferred by statute, to vacate the plat, and, having done so, the city council had no authority to make an *ex parte* judicial determination that the plaintiff's acts were void. The order of the city council, that the street should be opened, involves the question whether there was any street in existence to be opened. Before this order was made the vacation was filed and recorded, and the rights of the parties fixed, subject only to an inquiry in the courts whether or not the rights of others were injuriously affected by the vacation.

AFFIRMED.