SARAH J. SARVIS, Appellant, v. J. A. CASTER, et al.

**Vacation of Streets:**    BEQUEST BY ABUTTER.    Under Code, section 920, authorizing vacation of plat or part thereof, and streets therein, if it appears that all the owners of lots in the plat desire it, streets should not be vacated, the owners of lots on one side of it not having so requested.    •

*Street needed for future public use.* Under Code, section 920, providing that if a street laid out on a plat shall be needed for public use it shall be excepted from the order of vacation, the fact that it will be necessary in the future requires such exception.

*Reasonable time for acceptance of. street.* What is a reasonable time for acceptance of street on a plat depends on the situation and circumstances.

**Appeal:**    AMENDMENT TO ABSTRACT:    *Filing transcript.* Appellee having in an additional abstract set out portions of the evidence averring them to be part of the record, cannot object that a transcript was not seasonably filed.

**Trial de Novo:**    *Exception to decree needless.* Exception to decree is not necessary for a hearing *de novo* on appeal.

| 116 | 707 |
| 125 | 139 |
| 116 | 707 |
| 134 | 433 |
| 116 | 707 |
| 140 | 579 |
| 116 | 707 |
| f144 | 356 |
| f144 | 359 |
| 144 | 547 |

*Appeal from Mahaska District Court.*—HON. JOHN T. SCOTT, Judge.

FRIDAY FEBRUARY 7, 1902.

THE plaintiff is owner of lots numbered 15 to 21, inclusive, constituting a block, bounded by Wells street on

the south, Cherry street on the west, and Broadway on the east. Immediately east of Broadway is lot 22, also owned by her. She asked for the vacation of these lots and the portions of the streets mentioned. The defendants are owners of lots in the same addition to the village, and objected to the vacation of the part of the plat as proposed. On hearing the petition was dismissed, and plaintiff appeals.—*Modified* and *affirmed.*

*Willard Carver* and *E. B. Skinner* for appellant.

*Bolton, McCoy & Bolton* for appellees.

LADD, C. J.—The appellees in an additional abstract, designated by them an "amendment," set out portions of the evidence, averring these to be a part of the record. If so, then the evidence must somehow have been properly preserved, and they cannot be permitted to raise the point that a transcript was not filed within six months from the entry of final decree. *Connors v. Railway Co.*, 74 Iowa, 383. And it was not necessary to take an exception to the decree in order to have a hearing *de novo*. *Dicken v. Morgan*, 59 Iowa, 157.

II. Barnes City is a village of 250 inhabitants, and its principal highway is that running north and south, designated on the plat as "Broadway." Improvements are being made, and the evidence indicates a substantial increase in population and industrial enterprise may reasonably be anticipated. The business houses front on Broadway, but one or two blocks from the portion of the plat sought to be vacated. The land immediately south is shown to be suitable for residence purposes, and one witness declares the village cemetery must, of necessity, be located in that direction. It has been surveyed, and a plat prepared, though not filed. Hence, only a strip 25 feet wide, north of the dotted line between Wells' addition and the land south, has been dedicated as Wells street. Cherry street extends no farther than Wells, but whether

Broadway runs to the south, we have no means of know-
ing, save as ascertained from the plat. The statute pro-
vides that "if it shall appear that all the owners of the
lots in the plat or part thereof to be vacated desire the va-
cation, and there is no valid objection thereto, a decree
shall be entered vacating such portion of the plat and of
the streets and alleys therein, and for all purposes of
assessment such portion of the town shall be as if it had
never been platted into lots; but if any street as laid out
on the plat shall be needed for public use, it shall be ex-
cepted from the order of vacation and shall remain a pub-,
lic highway." Section 920, Code. No objection what-
ever appears to the vacation of portion of the plat contain-
ing lots 15 to 21, inclusive, constituting one block, nor to
that of Wells street. Plaintiff is owner of the entire
block, and it is immaterial to others whether it remain
subdivided. The owner west of Cherry does not join in
the request that the street be closed. It would certainly
abridge his privileges to vacate a street upon which his
land abuts. *Lorenzen v. Preston,* 53 Iowa, 580, is not an
authority to the contrary. A highway ought not to be va-
cated under this statute unless the immediate abutting
owners so request. So, too, we think there is a valid ob-
jection to the vacation of Broadway. The evidence
shows that in all reasonable probability it will soon
be needed for public use. The exigencies of the
future, of course, cannot be known with certainty, but the
claim of the objectors that inevitably the main street of
the village will be extended to the south, if not now open
below Wells street, and that, if closed, it will necessarily
have to be opened again later at the public expense has
ample support in the evidence adduced and the situation
as shown.

The propriety of vacating a highway depends upon its
utility and necessity. But in estimating these in a proceeding
like this we are not limited to the present. Ground left for

streets in plats is intended for use in the future, and the streets ought not to be vacated so long as it is reasonably apparent that they will be necessary for public travel. This, we think, a valid objection within the meaning of the statute.

Appellant also insists that she has the absolute right to vacate, for that the street has been inclosed with her lots ever since the filing of the plat, and never has been accepted by the public. But a reasonable time is allowed for such acceptance, and what is such reasonable time necessarily depends on the situation and circumstances. *Shea v. City of Ottumwa,* 67 Iowa, 39; *Incorporated Town of Cambridge v. Cook,* 97 Iowa, 599; 9 Am. & Eng. Enc. Law, 50. See *Taraldson v. Town of Lime Springs,* 92 Iowa, 187. All the streets of a new plat are not ordinarily needed at once, and acceptance and use as soon as growth and improvement of the particular locality requires, if within a reasonable time, is all that is exacted. *Briel v. City of Natchez,* 48 Miss., 423; *Meier v. Railway Co.,* 16 Or. 500 (19 Pac. Rep. 610, 1 L. R. A. 856); *Town of Lake View v. Le Bahn,* 120 Ill. 98 (9 N. E. Rep. 269). Just when the addition was platted the record fails to disclose, but it was not later than May, 1897, and this action was begun in February, 1899. Broadway had been used by the public down to the street next north of Wells street; beyond that it had not been needed. We think the time within which the public might accept the dedication had not passed when this action was begun, and that it ought not to be vacated. The decree will be modified in accordance with these views, each party paying one-half of the costs in this court, and the plaintiff those of the district court.—MODIFIED and AFFIRMED.