GEO. C. HUNTER ET AL., Appellants, v. THE CITY OF DES MOINES IN POLK COUNTY, IOWA.

**Partition:** PLAT: DEDICATION.   Where a plat of lands partitioned attached to the decree showing the extension of a street through the tract, was consented to by all the parties at the time of the decree and recognized in subsequent conveyances conforming therewith, such acts of the parties constituted a dedication of the plat.

**Same:** DEDICATION: DESCRIPTION.   Where an established street extended to the line of the tract partitioned at the time of decree, and the decree with the plat attached extended the street of a specified width through the tract to a stated street on the opposite side, there was a sufficient description of the street on which to base a dedication.

**Same:** ACCEPTANCE OF DEDICATED STREET BY MUNICIPALITY. Although
3  the statute provides that no dedicated street shall be deemed a
public street, or under the control of the municipality, until ac-
cepted by ordinance or resolution to that end; still, as the statute
is for the protection of the city it may waive the provision and
accept the street without either ordinance or resolution; and it
may waive the requirement of an existing ordinance that ac-
ceptance can only be by ordinance and accept the dedication by
resolution.

**Town plats:** VACATION OF STREETS. Where a street has been used
4  as a public way prior to the making of a vacation deed by the
owner of the plat, and it appears that it is needed for public
use, it cannot be vacated by the owners of the plat, but is a
public way against the closing of which there is a valid ob-
jection.

*Appeal from Polk District Court.*—HON. HUGH BRENNAN,
Judge.

FRIDAY, NOVEMBER 19, 1909.

SUIT in equity to restrain the defendant from opening
and using a part of Thirty-Eighth Street. There was a de-
cree for the defendant, from which the plaintiffs appeal.
*Affirmed.*

*W. C. Strock* and *Samson & Noble,* for appellants.

*R. O. Brennan, J. M. Parsons* and *F. D. Williams,*
for appellee.

SHERWIN, J.—Mr. C. C. Lane was at the time of his
death the owner of certain land in the city of Des Moines,
which was designated as lot fifteen, in Burnham & Lazen-
by's subdivision, of the west one-half of the northeast one-
fourth and the east one-half of the northwest one-fourth of
section six, township seventy-eight, range twenty-four.
After the death of Mr. Lane, his widow, Eva R. Lane,
brought an action for the partition of the land in question

and other lands, making all of the children and heirs of her husband defendants therein. A decree of partition was entered in said action on the 13th day of May, 1898, which disposed of the land in question in the language following:

That as to the ten-acre tract (more or less) described as lot fifteen (15), in Burnham and Lazenby's subdivision, of section six (6), of township seventy-eight (78) north, of range twenty-four (24) west, of the 5th P. M., by consent of parties the same is hereby partitioned and shares allotted as follows: A plat of the same is hereunto attached and made a part of this decree, showing an extension of Thirty-Eighth Street through the center of said tract running north from the south line of the tract, fifty (50) feet in width to the intersection of University Avenue, and also extending Cottage Grove Avenue from the east line of said tract where said avenue now abuts upon the tract, through the said tract to the west line thereof, sixty-six (66) feet in width, which extensions of streets are hereby established and dedicated to the public use for the mutual benefit of the parties, and by their mutual consent. That the title to the west half of said tract (less the streets dedicated) and marked 'B-B' on the plat is hereby vested in and partitioned to the following six children of C. C. Lane, deceased, to wit: Helen L. Summers, made defendant by the name of Nellie Summers, Jed B. Lane, Edna E. Lane, Emerson L. Lane, Arthur C. Lane and Edmund M. Lane, each being entitled to an undivided one-sixth thereof. That the east half of said tract (less the streets dedicated), marked 'A-A' on the plat, is hereby decreed as the share of said tract inuring to the plaintiff Eva R. Lane, and her two minor children, Howard C. Lane and Carl R. Lane, an undivided one-sixth to each of the said children and the undivided two-thirds to the plaintiff, Eva R. Lane.

The plat referred to in the decree showed the extension of Cottage Grove Avenue through the tract east and west and the extension of Thirty-Eighth Street through the tract north and south. The plat also showed that the tract was divided into four parcels; the two parcels on the east of Thirty-Eighth Street north and south of Cottage Grove

Avenue being marked "A," and the two parcels on the west of Thirty-Eighth Street being designated "B." The two east parcels which had been awarded by the decree to Eva R. Lane and her two minor children were thereafter sold in accordance with the decree, and the same were bought by the plaintiffs, H. C. Wallace and George C. Hunter, who received the referee's deed conveying to them the east one-half of said lot fifteen. A few days after the execution of the referee's deed, Eva R. Lane, for herself and as guardian of her two minor children, also executed a deed to said plaintiffs conveying to them the east one-half of lot fifteen, subject to the streets therein. In 1900 H. C. Wallace and George C. Hunter conveyed parts of the east one-half of the lot recognizing in said conveyance Cottage Grove Avenue as the north and south boundary of the respective parcels conveyed by them. In 1903 George C. Hunter conveyed to the plaintiff Heilman the "east half of the south half of so much of the said lot fifteen as lies north of Cottage Grove Avenue and east of the premises designated upon the said plat as Thirty-Eighth Street." Conveyances were made of the west one-half of lot fifteen, which in most instances excepted the streets designated in the partition decree. On the 4th of February, 1907, the city council of Des Moines passed a resolution accepting the extensions of Cottage Grove Avenue and Thirty-Eighth Street as made in the decree of partition of May, 1898, and in said resolution directed the board of public works to open said streets for the use of the public. On the 27th day of February, 1908, the owners of the several parcels of lot fifteen executed a deed vacating all of the plat made by the partition decree, excepting only so much thereof as is occupied by the extension of Cottage Grove Avenue.

The controversy in this action is over the extension of Thirty-Eighth Street. The appellants rely upon the propositions that the plat in the decree of partition is void for uncertainty, and because not made in compliance with

the statute relating to town plats, that the resolution of acceptance passed by the city council is void for the reason that it is in conflict with an ordinance of the city prohibiting the acceptance of ungraded streets, and because their vacation deed operated to vacate the plat and portion of Thirty-Eighth Street in controversy, even though it be true that the city acquired some right by virtue of the plat or otherwise.

It can not be seriously questioned that there was a sufficient dedication of the plat in question including Thirty-Eighth Street. True, it was not a statutory dedi-

1. PARTITION:
plat:
dedication.

cation, but all parties interested in lot fifteen as owners were before the court and consented to the plat there made. While the record is silent on the question, aside from the language of the decree, it may be said to fairly appear therefrom that the plat was in fact the plat of the parties themselves, and that the decree was made to conform thereto. But, however that may be, it is certain that the plat was consented to by all parties at the time of the decree, and thereafter recognized by subsequent conveyances in conformity therewith. Such acts constitute a dedication. *Hanger v. City of Des Moines,* 109 Iowa, 480; *Shea v. City of Ottumwa,* 67 Iowa, 39; *Manderschid v. City of Dubuque,* 29 Iowa, 73.

Whatever may be said about the uncertainty of locating lot fifteen from the description thereof in the partition decree, it can not in our judgment be said that the location

2. SAME: dedi-
cation:
description.

of Thirty-Eighth Street therein is too uncertain to be valid. At the time of the decree, Thirty-Eighth Street was an established street, the north end of which touched the south line of lot fifteen. The plat and decree extended the street through the tract to University Avenue immediately north thereof, and gave the width of such extension. We see no difficulty in locating this extension. Streets are

generally straight, and there is nothing in the record show-
ing Thirty-Eighth Street to be an exception to this rule.
An extension of Thirty-Eighth Street fifty feet wide due
north through the tract is as certain as it could well be
made.    No more certainty could have been attained had
the plat fixed the starting point of the extension at stakes
driven at the north end of Thirty-Eighth Street as it then
existed, or had it designated lines which did no more than
to extend said street due north.    *Barney v. Miller,* 18 Iowa,
460; Elliott on Roads and Streets, sec. 376.

At the time the city council passed the resolution of
acceptance to which we have referred, there was in force
an ordinance of the city providing that the dedication of
streets should not be accepted or confirmed
3. SAME: accept-    by the council except by an ordinance espe-
ance of
dedicated
street by    cially passed for such purpose, and the ap-
municipality.
pellants contend that because of such ordi-
nance the resolution of acceptance amounted to nothing.
The ordinance in question seems to have been adopted
many years before, and it is the appellee's contention that
it was in no way binding upon the council which passed
the resolution accepting the street in question.    Section 751
of the Code provides that no street dedicated to public use
shall be deemed a public street, or be under the use or
control of the municipality, unless the dedication shall be
accepted and confirmed by an ordinance or resolution
specially passed for such purpose.    This statute was un-
doubtedly enacted for the protection of municipalities
against liabilities which might otherwise be created by the
dedication of streets to public use without the consent or
knowledge of the city.    In *Byerly v. City of Anamosa,* 79
Iowa, 204, this court had the same statute under considera-
tion, and it is there said: "But the statute does not forbid
the city to assume control of, and use for the public, streets
not dedicated, as in the case of purchase by the city, or
to assume the use and control of streets dedicated by land-

owners, without the enactment of ordinances accepting the dedication. But it simply provides that when dedication is made, upon the acceptance of such dedication the street shall be ·assumed to be a public way, under the use and control of the ·city." The effect of the decision in the *Byerly* case is to hold that a city may waive the statute in question, and accept a street for the public without either an ordinance or resolution. But, however that may be, we are. clearly of the opinion that an acceptance in either of the ways designated by the statute is sufficient to create liability and to hold the dedication. The statute says that an acceptance may be made by either an ordinance or a resolution, and, although the old ordinance did provide that an acceptance should be made by ordinance only, we think the provision might be waived and an acceptance be made by resolution. See *Burroughs v. Cherokee,* 134 Iowa, 429.

The statute provides that a plat may be vacated under certain conditions. ,Code, sections 918, 919, 920. The plaintiffs sought to· vacate only a part of the plat in ques-

4. TOWN PLATS: vacation of streets.

tion, and hence their right to do so is governed by section 919, which provides that vacation may be made, but says that highways shall not be obstructed or closed by such vacation. Section 920 also provides for vacation of plats by proceedings in court, if there be no valid objection thereto. In this case it appears that the extension of Thirty-Eighth Street had been used as a public way to some extent before the vacation deed was made, and it was made to appear certain that the street is needed for public use. It is, then, not only a highway which may not be vacated under section 919, but a public way against the closing of which there is a valid objection. *Sarvis v. Caster,* 116 Iowa, 707.

The decree of the district court is *affirmed.*