MRS. M. L. K. REINECKE *et al. v.* JOSEPH E. REINECKE.

[63 South. 215.]

1. JUDGMENTS. *Invalid decree. Res judicata. Equity. Default. Decree. Requisites. Boundaries. Establishment.* Code 1906, section 4969.

Where the owner of land desiring to alter a map showing an addition to a city, proceeded by bill in chancery under the provisions of section 4969, Code 1906, it was necessary for such owner to set forth in her bill particularly the circumstances of the case, give an accurate description of the property and the names of the persons to be affected thereby or interested therein, the parties so named to be made defendants to such proceedings and publication of summons for all persons who may feel disposed to object, which publication shall clearly state the objects and purposes of the petition in the proceeding and where the statute is not complied with in these particulars a decree rendered on such petition is not *res judicata* of the matters decided in such proceeding.

2. SAME.

Where in such a proceeding the bill is not answered and a decree *pro confesso* is taken, the court should render a decree fully in accordance with the prayer and following the entire bill, and where the decree failed to do this it is not valid or binding.

3. BOUNDARIES. *Establishment. Form of remedy.*

Where by reason of the variance in the measurements and number of the lots on two maps of record, and the variance in the descriptions in the several deeds and the maps, there is confusion in the descriptions of the lots in a subdivision, and there are conflicting claims among the several owners of the lots, a court of equity should entertain a bill for the purpose of properly correcting the mistakes which have been made, and of fully and definitely adjusting the conflicting claims of the several owners.

APPEAL from the chancery court of Jackson county.
HON. T. A. WOOD, Chancellor.

Suit by Joseph E. Reinecke against Mrs. M. L. K. Reinecke and others. From a judgment overruling a demurrer to the bill, defendant appeals.

The facts are fully stated in the opinion of the court.

· *Denny & Denny,* for appellants.

In the demurrer filed by appellants it is urged, in effect that appellee has no right in this case because he was bound by decree rendered in cause 1976.

All matters complained of in the present suit were included and adjudicated in said cause No. 1976 and, the instant suit being a collateral attack upon the judgment of the chancery court in cause No. 1976, to which appellee was party defendant and had ample opportunity to submit his defense and declined to do so. Appellee is without right in this cause and the demurrer to his bill should have been sustained.

All matters set up in the bill are either by way of defense to suit of appellant Mrs. Reinecke against appellee, No. 1976, or seek to evade or render ineffectual or void the decree rendered in that cause.

The bill of complaint in this cause does not seek to review the judgment of the chancery court in said cause No. 1976 or show that, in law, such decree is fatally defective for any reason whatever. It is merely that appellee now feels that he would defend the suit of his mother, and regrets at this late day his disregard thereof, and now seeks, in an improper and unlawful manner, to have the chancery court hear his defense thereto and deny his mother, by a different and new, as well as unlawful, proceeding, the relief granted her in suit No. 1976, although he assigns no reason or lawful right to do so, or show any excuse for his failure to defend suit No. 1976 when he had full and ample opportunity to do so.

"That complainant (appellee) therein and thereby collaterally attacks the judgment and final decree of the

chancery court of Jackson county, Mississippi, in cause styled Mrs. M. L. K. Reinecke v. J. E. Reinecke, No. 1976, on the general docket of the chancery court of said Jackson county,'' is evident from a perusal of the bill of complaint and that such proceeding is not maintainable is settled beyond controversy by long established prece-' dent and decisions of this court whenever the question has been touched upon. *Moore* v. *Ware,* 51 Miss. 206; *Parisot* v. *Green,* 46 Miss. 747; *Christian* v. *Oneal,* 46 Miss. 669; *Kelly* v. *Harrison,* 69 Miss. 856; *McLemore* v *Railroad Co.,* 58 Miss. 514; *Cocks* v. *Simmons,* 57 Miss. 183; *Sweatman* v. *Dean,* 38 So. 231, 76 Miss. 641; *Ala. & V. Ry. Co.* v. *Thomas,* 38 So. 770, 86 Miss. 27.

Many other cases could be cited, but the rule is so well established that, to justify a collateral attack on a judgment as attempted in the bill in this case, the judgment complained of must be void and not merely irregular or voidable, we deem it unnecessary to list all the cases of this court declaring such rule. The bill contains no allegations tending to show or charge that the decree rendered in cause No. 1976 was void or even irregular or voidable.

The demurrer was well founded for the further reason that it appears from the bill that the matters set up and complained of therein were adjudicated and finally settled by decree rendered in cause No. 1976. The entire case was determined therein and cannot now be reviewed or again adjudicated. It was settled therein for all time and, that litigation might cease and property rights settled and confidence therein maintained it is deemed wise not to disturb that which was accomplished in a proper, lawful and solemn manner as in cause of Mrs. Reinecke v. J. E. Reinecke, No. 1976.

It is plainly evident that the demurrer of appellants to bill filed in this cause should have been sustained and the bill dismissed and it was grievous error for the chancery court to do otherwise and the decree overruling said de- murrer should be reversed and this cause dismissed.

*H. B. Everitt,* for appellee.

The court, when the bill was taken for confessed, was bound to follow the bill and should have granted no relief not shown by the bill to be proper, legal and equitable. The court had no right to cancel one map and substitute the other, but had the court responded to the issue made in regard to lots five and six and decreed a reformation of that deed it by no means follows that lots eleven and twelve, representing the balance of the land really belonging to Joseph would not have been included. But when the court did not decree reformation at all but simply ordered a cancellation of the plat of survey and also a cancellation of all of the deeds of Joseph, one of which was made without reference to the map and not pretended to be in error at all, the parties were simply left in this shape to adjust matters for themselves, and the decree was absolutely void.

I have stated that the judgment was void, and **also** that if in any part valid it was not *res adjudicata* as to any of the relief asked by the present proceedings for adjusting the status of all parties concerned. The decree is void in the following particulars, to-wit:

The decree merely ordered a cancellation of the deeds held by Joseph. Such an order, standing alone, was foreign to the purposes of the bill and void. When the bill was taken for confessed no relief could be granted except such as was within the fair scope of the allegations and prayer of the bill. 16 Ency. of Law and Pro. 496, and cases cited; *West Felicians R. R.* v. *Stockett,* 27 Miss. 739; *Garland* v. *Hull,* 13 S. & M. 76, 51 Am. Dec. 140; *Belew* v. *Jones,* 56 Miss. 342.

Such a complete departure from the case made by the bill rendered the decree void and not voidable. *Smith* v. *Gardner Hdwe. & Sup. Co.,* 83 Miss. 654, 36 So. 9; *Reid* v. *Gregory,* 78 Miss. 247, 28 So. 835. But as a matter of law there was no equity on the face of the bill as to any matter or relief sought.

The map could not be altered or vacated by proceedings authorized by section 4969 of the Code of 1906 the court having no other jurisdiction of the subject-matter and that only by having before it all persons in interest. It is under that Code provision that the appellee here is proceeding, and the unwarranted procedure of Mrs. Reinecke is not *res adjudicata* of the subject. Since that was manifestly the whole purpose of the bill and the reformation of deeds merely incidental the whole proceeding was a nullity.

It is true the bill alleges that because of errors in the map the complainant conveyed to Joseph more and different land than she intended and undertakes to tell what she intended by simply referring to her new map and saying she so intended. But that did not disclose a right to take from Joseph anything she had conveyed to him, and since the court should not have so held on the case made by the bill it will not be assumed that the court intended to decree such a reformation of the deeds as to effect such purpose, the decree not having undertaken to do anything of the kind. It makes no difference that the conveyances were merely deeds of gift from parent to child. The legal status once fixed must abide the same rules of law and equity as obtain in transactions between strangers. Courts of equity will correct mutual mistakes to carry into effect contracts as made and will correct a mistake made by one party if induced by the fraud or misconduct of the other party, but Mrs. Reinecke had the tract surveyed and divided into ten lots and then conveyed to Joseph all the land lying between the front and back tiers of lots under the description of lots five and six and now claims the right to have that land divided into four lots as lots five and six and eleven and twelve and cancel the deed to Joseph so as to enable her to confine him to such smaller lots on the ground that she had so intended, and to enable her to take so much from Joseph and give to Robert. This may be excusable

as an exercise of parental authority but can receive no, countenance in a court of equity.

It may be conceded that by reason of the mistakes and errors of the surveyor, Mrs. Reinecke, when she conveyed to Joseph lots five and six have him more land than she knew she was giving, but, as said by this court in *Wise et al.* v. *Brooks,* 69 Miss. 891, 13 So. 836: ''It is not what the parties would have intended if they had known better but what did they intend at the time, informed as they were.''

Now had the chancery court decided this issue and by its decree granted the relief prayed by a reformation of the deed conveying lots five and six by the old map so as to restrict same to such smaller divisions of the same number on the new map it might be contended that such finding was *res adjudicata* of the present suit. The decree is either void because entirely unauthorized by the pleadings or else it absolutely destroys all right and title Joseph ever had to any part of the land, imposing no duties upon his mother, the complainant, and such a decree will certainly not be construed as doing so unwarranted a thing, or as deciding an equity in favor of complainant to which she was clearly not entitled.

This proceeding, however, is predicated upon the idea and theory that if that decree has any validity at all its effect was, as to this defendant, simply to leave the legal title in Mrs. Reinecke in trust for Joseph as to the land to which he was legally entitled under the deeds cancelled after the establishment of the new map. That since all the land embraced in lots five and six and eleven and twelve by the new map belonged to him she had no right to convey the last named lots to Robert and then seek a readjustment of relative rights so as to correct the new map as well as the old with reference to the street which is an easement common to the different lot owners, and to make corrections to conserve the common interests as is expressly authorized by statute.

If the bill is good as to either of those matters the demurrer must be overruled.

REED, J., delivered the opinion of the court.

Mrs. M. L. K. Reinecke, a widow of advanced years, was the owner of a lot of land in the city of Pascagoula. She purposed to divide this land among her several children. On January, 8, 1904, she executed a deed conveying a part of the land, which she described as lot eight, to a son; on December 6, 1906, she conveyed another part of the land, which is in the deed described as lot seven, to appellee, another son; on September 21, 1905, she conveyed still another part of the land to her daughter, Mrs. Eugenia J. R. White. The several lots were definitely described by metes and bounds in the conveyances. In August, 1908, Mrs. Reinecke had the county surveyor survey and plat the entire original lot she owned, subdividing it into ten lots. The map thereof is of record. Thereafter she conveyed other lots to her children, describing them as shown on and referring to the map. The children to whom conveyances were made were duly put in possession of their lots.

On March 16, 1910, Mrs. Reinecke filed her bill in the chancery court of Jackson county, No. 1976 on the general docket of that court, against appellee, in which she averred that the map of the county surveyor in 1908 was incorrect, and in which she claimed that there were errors in the descriptions of the several lots conveyed to appellee. The lots were lots seven, conveyed in 1906, before the map was made and filed for record, and lots five, six, and ten, conveyed after the making and recording of the map, and described as shown thereon. She presented with her bill another survey and plat of the land, which she claimed correctly delineated the lots which she intended to convey. This map subdivides the original lot into twelve lots. The measurements of the lots thereon are different from those on the first map.

She prayed in her bill that the conveyances to appellee be decreed to be the result of a mistake, that they should be delivered to the clerk for cancellation, and an entry should be made on the margin of the record of such cancellation; and also that entry be made on the margin of the record of the original map canceling it, and that complainant should execute and deliver to defendant, appellee herein, a conveyance of lots five, six, seven, and ten, describing them in the deed as they are shown upon the new map presented with the bill.

Appellee failed to appear and defend the suit. He states he was advised that it was not necessary for him to give any attention to it, and that it would not disturb or injure him in his rights to the lots. The decree, founded upon the bill, declared the conveyances to appellee void, and annulled the conveyances and also the original map, and directed the chancery clerk to enter a cancellation of the deeds and the map on the margin of the records thereof. The decree failed to require the complainant to execute and deliver to the defendant, appellee here, a deed conveying the lots five, six, seven and ten, as shown upon the new map.

Appellee filed his bill in the chancery court of Jackson county, setting out therein the facts above stated, and making parties thereto all persons interested in the land subdivided. He shows in his bill the errors arising from the two surveys and maps, taken in connection with the description in the several deeds of record, and the decree in the case No. 1976, filed March 16, 1910, by Mrs. Reinecke against appellee, and prays the court to order a new survey of the land, in which the rights of the several parties will be recognized, the descriptions of the lands definitely established, and the conflicting claims of the different owners of the lots be settled and quieted. The chancellor overruled a demurrer interposed to the bill.

Appellants claim that appellee was bound by the decree rendered in the case filed March 16, 1910, No. 1976,

and that the disposition of that case was *res judicata* of the matters in the present cause. The chief purpose of the bill in the case numbered 1976 was to vacate a recorded map. Provision is made in section 4969, Code of 1906, for proceedings when an owner of land shall desire to alter or vacate a map showing an addition to a city, town, or village. Under this statute it is necessary for such owner to set forth particularly the circumstances of the case, given an accurate description of the property and the names of the persons to be affected therby or interested therein, the parties so named to be made defendants to such proceeding, and publication of summons to be made for all persons who may feel disposed to object, which publication shall clearly state the objects and purposes of the petition in the proceeding. In the case numbered 1976 Mrs. Reinecke failed to give the names of the persons interested and to make such persons parties, and, in short, failed to comply with the provisions of the statute.

We also note that the decree in case No. 1976 did not fully respond to the prayer of the bill. It only ordered a cancellation of the deed and map, but failed to further order the complainant to make a new conveyance of the lots to defendant. The court should have rendered a decree fully in accordance with the prayer and following the entire bill, which, in default of an answer by defendant, was taken as confessed. The clear intention of the bill was to vacate the original map, so that the map offered would be effective as showing the division of the property, and to cancel the conveyances, so that new conveyance might be made describing the property as shown on the new map; but the decree failed to do this in full. The decree, therefore, is not valid, and the appellee is not bound thereby.

The disposition of case No. 1976 is not *res adjudicata* of the matters presented in the case before us. The differences and matters between the parties were not fully

and definitely settled by the decree, the judicial decision in the case.

It appears that by reason of the variance in the measurements and number of the lots on the two maps of record, and the variance in the descriptions in the several deeds and the maps, there is confusion in the descriptions of the lots in the subdivision, and that there are conflicting claims among the several owners of the lots. We believe that a court of equity should entertain the bill for the purpose of properly correcting the mistakes which have been made, and of fully and definitely adjusting the conflicting claims of the several owners. Therefore we conclude that the chancellor was correct in overruling the demurrer.

*Affirmed.*