317 So.2d 382 (1975)
Clemert BARRETT et ux.
v.
Jessie PILGRIM et ux.
No. 48108.
Supreme Court of Mississippi.
July 7, 1975.
Laurel G. Weir, Philadelphia, for appellants.
Clayton Lewis, Philadelphia, for appellees.
Before PATTERSON, SMITH and BROOM, JJ.
SMITH, Justice.
The suit, out of which the present appeal arises, was begun in the Chancery Court of Neshoba County by Clemert Barrett and his wife, against Jessie Pilgrim and his wife, and sought an injunction to prevent the latter from closing a certain road which traversed the property of the respective parties. Complainants alleged in their bill that the road was a public road and defendants denied this, alleging that it had been abandoned by the public and was a private way which they had a right to close. A temporary injunction was issued as prayed for in the bill but, following the trial of the case on the merits, the chancellor entered a "Solomonic" decision to this effect: The Pilgrims were granted the "right" to
[S]top the traffic from going in upon this road and he may place an obstruction across it and he may do so by a lock and a key, but will not deprive Mr. Barrett or those who go in through this way to their properties for legitimate purposes. Then Mr. Pilgrim, if he locks it and puts a lock upon it, will be required to give Mr. Barrett a key so that he may continue to use this portion of the highway down to his property. This is being done not to try to deprive Mr. Barrett as to the right of this passageway, but is done, which the Court thinks should be done, to restrict the use of this property by the general public for the use for which it is now being put which is unlawful and unreasonable when the property is being damaged by deprivation [sic] and other unlawful acts.
The "deprivation" and "other unlawful acts" of the "general public," to which the chancellor had reference and which formed the basis of his decision to close the road, *383 consisted of its use by certain members of the public as a "lovers' lane, garbage dump" or as a place "to stash whiskey."
The evidence indicated, and the chancellor appears to have found (certainly there was no finding to the contrary), that the road in question had been a public road in the past which had lost that character because it had been abandoned by the public for any lawful or moral use. The road appeared on the "inventory" of the Mississippi State Highway Department as a public road. Also, the Board of Supervisors had worked the road for years prior to 1972, although there is some dispute on this point. In the course of his opinion, the chancellor said:
The question arises in this case as to whether or not the road leading northward from Highway 16 to some approximately more than half a mile, which appears from some of the testimony, is a public road.
The court said further:
It seems to the court in determining whether or not there is a public road that there must be a determination as to what extent that particular road has been used by the public.
There was no evidence of any kind that the road had been closed or abandoned by any official action of the Mississippi State Highway Commission or of the Board of Supervisors of Neshoba County and this phase of the matter does not appear to have received consideration. It is in that posture that the case now comes before this Court for review.
While the decision of the chancellor may have been a practical and reasonable resolution of problems confronting the individuals who were the only parties to the litigation, we are constrained to conclude the case must be reversed and remanded.
There was unequivocal evidence that the road had been a public road, either as part of the state highway system or as a county road. However, no evidence whatever was offered that the Board of Supervisors of Neshoba County at any time had closed it by an order on the official minutes of the Board or that the State Highway Commission had taken any official action removing it from the highway system. The chancellor proceeded to his conclusion of "abandonment" upon a finding that the public in general had ceased to use the road and that those members of the public who continued to use it did so for purposes which were not "legitimate" or "moral." Therefore, the court concluded, it could be considered as having been abandoned and as having lost its public character.
The Court is without power, however, to close a public road in private litigation between individuals unless such action is predicated upon a finding that there has been a valid order of the Board of Supervisors closing the road, spread upon its minutes, if it is a county road, or that similar official action has been taken by the Mississippi State Highway Commission and is reflected by its official records if it is a state road or highway.
The State Highway Commission, under mandate from the Legislature, controls the highways which comprise the state highway system. Mississippi Code Annotated section 65-1-59 (1972) and related statutes. Authority of the Board of Supervisors over roads, ferries and bridges is granted by section 170 of the Mississippi Constitution of 1890. Mere non-user by a part or all the general public of a public road, or use by some members of the general public of a public road as a "lovers' lane, whiskey cache or as a place for dumping garbage," will not constitute such an abandonment as to deprive it of its public character or justify its closing by a court in private litigation between individuals. As early as 1878 this Court, in a case involving a county road, held: "... Until an unequivocal surrender by the Board of Supervisors of the right of the public to the road, the owner of the fee had no right to close it." Hatch v. Board of Supervisors, 56 Miss. 26 (1878).
*384 Mississippi Code Annotated section 65-7-7 (1972) prohibits the obstruction of any public highway or road. Section 65-7-5 makes it unlawful for any person to alter or change any public road except by order of the Board of Supervisors. See also section 65-7-57 and section 65-1-59 and related statutes.
The case must, therefore, be reversed and remanded to the trial court, without prejudice.
Reversed and remanded.
GILLESPIE, C.J., RODGERS, P.J., and INZER, ROBERTSON, SUGG and WALKER, JJ., concur.