422 So.2d 270 (1982)
CITY OF WIGGINS, Mississippi
v.
O.E. BREAZEALE.
No. 53566.
Supreme Court of Mississippi.
September 29, 1982.
Rehearing Denied December 15, 1982.
Donald M. Waits, Wiggins, for appellant.
Holleman & Krogstad, Michael B. Holleman, Gulfport, for appellee.
En banc.
ROY NOBLE LEE, Justice, for the court.
The Chancery Court of Stone County, Honorable Jason H. Floyd, Jr., presiding, overruled a general demurrer and denied certain affirmative defenses, interposed by the City of Wiggins, to a petition by O.E. Breazeale to vacate a part of certain streets appearing in a municipal plat, and then granted an interlocutory appeal from that decree.
The sole question considered by this Court on the appeal is whether or not the chancery court had jurisdiction of the subject matter in litigation and should have sustained the demurrer. Stated differently, we consider whether or not municipalities or counties have exclusive jurisdiction to close and vacate streets and alleys, or has concurrent jurisdiction with the chancery court for that purpose.
The appellee charged in the petition to vacate a portion of Church Street and Second Avenue that the parts of said streets involved had never been opened or used as a street, was dormant land, and of no value to anyone except the petitioner. Appellee prayed that the court render a decree vacating said parts of those streets and cancelling rights and interests of other persons and the public in same.[1]
The appellant contends that municipalities have the exclusive right and power to close and vacate streets, and relies upon Mississippi Code Annotated § 21-37-7 (1972), which follows:
The governing authorities of municipalities shall have the power to close and vacate any street or alley, or any portion thereof. No street or alley or any portion thereof shall be closed or vacated, however, except upon due compensation being first made to the abutting landowners *271 upon such street or alley for all damages sustained thereby.
The statute under which appellee proceeded is Mississippi Code Annotated § 19-27-31 (1972), which provides:
If the owner of any land which shall have been laid off, mapped, or platted as a city, town or village, or addition thereto, or subdivision thereof, or other platted area, whether inside or outside a municipality, shall be desirous of altering or vacating such map or plat, or any part thereof, he may, under oath, petition the chancery court for relief in the premises, setting forth the particular circumstances of the case and giving an accurate description of the property, the map or plat of which is to be vacated, or altered, and the names of the persons to be adversely affected thereby, or directly interested therein. The parties so named shall be made defendants thereto, and publication summons shall be made one time in a newspaper published, or having a general circulation, in the county where the land is situated, and which publication shall clearly state the objects and purposes of the petition.
At any time after the expiration of five days from said publication and the service of process upon the named defendants, the cause or proceeding shall be triable, and the court in term time or the chancellor in vacation may hear the petition and all objections from any person thereto, and may decree according to the merits of the case. However, where all adversely affected or directly interested persons join in said petition, the same may be finally heard and determined by the court or chancellor at any time. If the decree vacate, in whole or in part, or alter the map or plat, it shall be recorded as a deed, and a memorandum thereof noted on the record of the map or plat.
Section 19-27-31 authorizes altering or vacating a map or plat, or any part thereof, under the conditions stated therein, and does not conflict with or encroach upon Section 21-37-7. Where the part of a plat or subdivision to be altered involves a street, alley, or property dedicated to the public, the logical sense of the statute is that such areas have never been opened and used for those purposes. When the plat is altered or vacated, those areas, for all practical purposes, are expunged from the plat and it becomes a recorded plat with such street, alley or public property not included or appearing therein.
The statute requires that all persons adversely affected by, or directly interested in, a proposed alteration of the plat be made defendants with the right to appear, object and give reasons why the plat should not be altered or vacated. Persons affected include the municipality or county. Certainly, a municipality or county which had plans, or a need, for the unopened public property would appear and show that interest to the court. In such event, it is reasonable to assume that the court would deny alteration or vacation of the plat. See Hunter v. Des Moines, 144 Iowa 541, 123 N.W. 215 (1909); Sarvis v. Caster, 116 Iowa 707, 89 N.W. 84 (1902).[2]
Section 21-37-7 grants municipalities the power to close and vacate any street or alley, or any portion thereof, and requires payment of due compensation to abutting landowners. That power is necessary for a municipality to properly function in the area of designation, operation, and maintenance of streets. It does not conflict with the power granted to the chancery court by Section 19-27-31.
The case of Reinecke v. Reinecke, 105 Miss. 798, 63 So. 215 (1913), involved the alteration of a plat where errors had been made in the instrument. The case is not authority that Section 19-27-31 is for the only purpose of correcting and altering a plat where some error occurred in its preparation.
*272 Almost one hundred years ago, the Iowa Supreme Court had a question before it, similar to that here, in Connor v. Iowa City, 66 Iowa 419, 23 N.W. 904 (1885). Two Iowa statutes are almost identical to the Mississippi statutes, and the Court held that a landowner was authorized to obtain vacation of a plat where the city council had the same power as conferred by the Mississippi statute (Section 21-37-7). That case involved the right of a plaintiff to vacate part of the plat of an addition to Iowa City. He claimed the right to vacate two blocks, and the streets and alleys through the same, and, by a written instrument executed, acknowledged, and recorded, he declared the same vacated. The defendant, by its street commissioner, proceeded to open up a street between said two blocks. By this action, the plaintiff demanded that the defendant be enjoined from interfering with the inclosure of the two blocks in common. After the defendant answered the petition, a trial was had, and a decree was entered perpetually enjoining the defendants as prayed in the petition. On appeal, the Court said:
It is true, the city council has the "power to lay off, open, widen, straighten, narrow, vacate, extend, establish, and light streets, alleys, public grounds, wharves, landing and market places, and to provide for the condemnation of such real estate as may be necessary for such purposes." (Code, § 464;) but the plaintiff had express authority, conferred by statute, to vacate the plat, and having done so the city council had no authority to make an ex parte judicial determination that the plaintiff's acts were void. The order of the city council that the street should be opened, involves the question whether there was any street in existence to be opened. Before this order was made the vacation was filed and recorded, and the rights of the parties fixed, subject only to an inquiry in the courts whether or not the rights of others were injuriously affected by the vacation. Affirmed. [66 Iowa at 419, 422, 23 N.W. at 904, 905].
We have considered Barrett v. Pilgrim, 317 So.2d 382 (Miss. 1975). There, a suit was instituted in the Chancery Court of Neshoba County by one landowner against another, both abutting a public road, seeking an injunction to prevent the latter from closing the road. The lower court closed it with certain limitations, and this Court held that the chancery court exceeded its authority. Barrett is distinguished from the case sub judice, since no plat was involved and the suit was not for the alteration of a plat and vacation of a street which had not been opened.
We are of the opinion that a municipality does not have exclusive authority to close and vacate streets and alleys, particularly in situations where they have never been opened, and that the chancery court has authority under Section 19-27-31 to alter and vacate maps or plats, or any part thereof, under facts and circumstances coming within the statute, resulting in vacation of the street or property affected, and that the lower court correctly overruled the demurrer.
We decline to address the questions raised by the pleas, affirm the judgment overruling the demurrer, and remand for trial on all questions.
AFFIRMED AND REMANDED.
PATTERSON, C.J., WALKER, P.J., and BROOM and BOWLING, JJ., concur.
HAWKINS and PRATHER, JJ., SUGG, P.J., and DAN M. LEE, J., dissent.
PRATHER, Justice, dissenting:
With deference, I respectfully dissent from the conclusion of the majority that the chancery court has concurrent jurisdiction with the governing authorities of municipalities to close municipal streets.
A fuller recital of the facts is necessary to reach all the conclusions of this dissent. Breazeale owned lands on all sides abutting parts of Church Street and Second Avenue in the City of Wiggins. Breazeale has twice made requests before the City Board of Wiggins to close such streets and was twice refused. The first request and refusal occurred on April 13, 1979. A second *273 request resulted in an ordinance dated June 3, 1980, which also denied a closure of the street parts.
Breazeale chose not to appeal either board decision to the circuit court as permitted by Mississippi Code Annotated section 11-51-75 (1972), but instead filed a petition to vacate part of the streets with the Chancery Court of Stone County under section 19-17-31 of the Mississippi Code Annotated (1972), said suit being filed March 30, 1981. The City of Wiggins filed an answer containing a demurrer. At the hearing on the demurrer the court received into evidence exhibits of board of aldermen meetings, plats of the lots in question, and a letter of recommendation to deny closure from the city engineer. Nonetheless, the chancellor denied the demurrer and granted the City of Wiggins an interlocutory appeal to this Court.

I.
The City of Wiggins' first contention on appeal is that by legislative enactment municipalities have exclusive jurisdiction over the closing of streets or roads within their municipal boundaries and, therefore, that the courts may review such matters only through the statutorily prescribed appellate procedure.
The construction, maintenance, care and disposition of roads and streets are matters under the control of the state in its sovereign capacity as represented by its Legislature. See Miss. Const. art. 4, § 85 (Legislature shall provide for working of public roads); Miss. Const. art. 6, § 170 (control and supervision of roads by Legislature). The Legislature may therefore exercise that power and responsibility directly or delegate it to municipalities and other governmental bodies. See 39 Am.Jur.2d Highways, Streets, and Bridges, § 72 (1968) (same policy followed by other jurisdictions). Our Legislature has delegated such powers and responsibilities to various entities. The Mississippi Highway Commission controls the highways which comprise the state highway system. Miss. Code Ann. § 65-1-59 (1972). The board of supervisors has full control over the roads in their respective counties, Miss. Code Ann. § 19-3-41 (1972), and municipalities have control over the roads within their borders. Miss. Code Ann. § 21-37-3 (1972). Each of these entities has been granted the power to close streets. Section 21-37-7 of the Mississippi Code Annotated (1972) is the applicable statute granting such power to municipalities with regard to their streets. Section 21-37-7 provides:
The governing authorities of municipalities shall have the power to close and vacate any street or alley, or any portion thereof. No street or alley or any portion thereof shall be closed or vacated, however, except upon due compensation being first made to the abutting landowners upon such street or alley for all damages sustained thereby.
However, the appellee, Breazeale, offers section 19-27-31 Mississippi Code Annotated (1972) as an additional statute which grants the power to close a municipal street to the chancery court on petition of abutting landowners. The section states:
If the owner of any land which shall have been laid off, mapped, or platted as a city, town or village, or addition thereto, or subdivision thereof, or other platted area, whether inside or outside a municipality, shall be desirous of altering or vacating such map or plat, or any part thereof, he may, under oath, petition the chancery court for relief in the premises, setting forth the particular circumstances of the case and giving an accurate description of the property, the map or plat of which is to be vacated, or altered, and the names of the persons to be adversely affected thereby, or directly interested therein... . [Emphasis added].
In resolving this so-called statutory conflict, the majority referred to interpretations of Iowa statutes which were allegedly similar to the two Mississippi statutes in question. The dissent submits that the case law of this Court in resolving comparable situations is more persuasive and binding on this Court than is an 1885 Iowa decision.
*274 In Barrett v. Pilgrim, 317 So.2d 382 (Miss. 1975), where one group of property owners sought to enjoin another group of owners from closing a public road, our Court first required formal action by public authorities. The Court stated there as follows:
The Court is without power, however, to close a public road in private litigation between individuals unless such action is predicated upon a finding that there has been a valid order of the board of supervisors closing the road, spread upon its minutes, if it is a county road, or that similar official action has been taken by the Mississippi State Highway Commission and is reflected by its official records if it is a state road or highway. [317 So.2d at 383].
It should also be noted that the Barrett Court also cited the old case of Hatch v. Board of Supervisors, 56 Miss. 26, (1878), wherein our Supreme Court further stated: "... [T]he road was to be `kept open'; and, until an unequivocable surrender by the board of supervisors of the right of the public to the road, the owner of the fee had no right to close it." It is my opinion that the Barrett and Hatch decisions above require a comparable analysis with regard to municipalities and municipal streets. In other words, the closing of a municipal street requires formal action by municipal authorities.

II.
Additionally, a literal reading of section 19-27-31 wholly fails to indicate that the Legislature intended the statute to be used by individuals desirous of closing streets, whether inside or outside of municipalities.
This statutory provision falls under the heading of "Surveyors and Surveys" and is preceded by several consecutive provisions pertaining generally to the making of maps and plats (§ 19-27-21), the form of the maps and plats (§ 19-27-23), the contents of the maps and plats (§ 19-27-25), the recording of the maps and plats in the office of the chancery clerk (§ 19-27-27), and penalties for selling lots before their maps or plats are recorded (§ 19-27-29). The major purpose of section 19-27-31 is apparently to provide a means for an owner to have the map or plat corrected. See Reinecke v. Reinecke, 105 Miss. 798, 63 So. 215 (1913) (owner claimed that there were errors in the descriptions of the several lots conveyed and that the map of the county surveyor was therefore incorrect).
It is readily apparent that section 19-27-31 of the Mississippi Code Annotated (1972) is a statutory procedure to alter or to vacate a map or plat, but not to close a municipal street. This statute was not intended to give an abutting landowner a remedy in contradiction to section 21-37-7. The Legislature has prescribed a statutory procedure for the closing of municipal streets, and the exclusive power is vested in municipal authorities by virtue of section 21-37-3.
It is interesting to note that the first footnote of the majority opinion recognizes that this is a petition not to alter or vacate a plat, but to close a street.
This dissent respectfully concludes that the chancery court should have granted the City of Wiggins its general demurrer and would have reversed and rendered this decision had its position prevailed.
This appeal addresses other issues not covered by the majority opinion.
I respectfully dissent.
SUGG, P.J., and HAWKINS and DAN M. LEE, JJ., join in this dissent.
HAWKINS, Justice, specially dissenting:
I join in the dissent of Justice Prather.
The purpose of chancery court actions is to remove clouds upon title, to quiet and confirm title. Thanks to the majority this case is going back to the chancery judge with instructions to bring about precisely the opposite result.
If the chancellor removes a street from an official map, who is going to own the property? The law abhors a vacuum, yet this is precisely what will result upon directing an official map be redrawn so as to remove a street.
*275 On what theory can the complainant, Breazeale, possibly own the street that is removed from a public map? If he has no potential title or interest therein, why should he want the map redrawn so the street would be removed from the official map? Will the city continue to own this property? The city has taken no official action to indicate an abandonment of the street, and objects to the map being altered.
We are laying problems at the doorsteps of the chancery court and giving no guidance whatever.
There are clear, definite statutory procedures for closing and vacating streets. The complainant followed one step through the city council, but perfected no appeal to the circuit court. This should terminate the matter. The attempt to achieve the same result through a statutory method designed only to correct or change official maps, not ownership, can only serve to befuddle chancery judges and title lawyers in this state.
SUGG, P.J., joins this dissent.
NOTES
[1] The petition did not ask that the plat be altered or vacated.
[2] In Sarvis v. Caster, the Court said: "Ground left for streets in plats is intended for use in the future, and the streets ought not be vacated so long as it is reasonably apparent that they will be necessary for public travel. This, we think, a valid objection within the meaning of the statute." [89 N.W. at 85].