483 So.2d 304 (1985)
Gaston W. BARRETT, et al.
v.
Edward S. BALLARD, et al.
No. 55576.
Supreme Court of Mississippi.
December 11, 1985.
Laurel G. Weir and Thomas L. Booker, Weir & Booker, and Terry L. Jordan, Philadelphia, for appellants.
Hugh Hathorn, Louisville, and Robert Thomas, Alford, Thomas & Kilgore, Philadelphia, for appellees.
En Banc.

ON PETITION FOR REHEARING
DAN M. LEE, Justice, for the Court:
This case was per curiam affirmed on May 29, 1985, and the appellants filed a petition for rehearing. After careful consideration of the facts of this case and the applicable law, we grant the petition for rehearing and reverse and remand this case.
Edward S. Ballard, Sr. and H.B. Hudspeth, through Ballard and Hudspeth Rentals, *305 own the property known as Hillcrest Subdivision, in the City of Philadelphia, Mississippi. The land was originally intended for single-family dwellings, and a plat on file in Neshoba County showed the plan for streets to be constructed through it. By order of the City, no dwellings could be constructed in the subdivision until the streets were constructed, or the cost for constructing the streets deposited with the City.
In 1978, the City zoned the property for commercial uses, which permitted the erection of multi-family dwellings. Ballard and Hudspeth then began the construction of low-income, multiple-family housing on the site. Apparently, however, water and sewer lines had been already laid pursuant to the single family plat, and a City employee informed Ballard and Hudspeth that their construction obstructed the lines and was unauthorized.
At that point, on November 12, 1979, Ballard and Hudspeth filed a petition pursuant to Miss. Code Ann.(1972) § 19-27-31, to vacate the plat, alleging that the subdivision's streets had not yet been constructed. The City of Philadelphia joined in the petition, and the Chancery Court of Neshoba County found that it had jurisdiction and issued a decree vacating the plat on November 16, 1979. The record nowhere indicates that the petitioners published a summons in a county newspaper of general circulation, as required by statute.
On April 30, 1981, Gaston W. and Sandra Barrett filed a petition to set the court's decree aside. They alleged that they owned the land to the west of Hillcrest Subdivision, and that the closing of its streets would impose a severe diminution of value and hardship on them in that it would limit their access to St. Francis Drive, a street running south of the subdivision. They also alleged that Ballard and Hudspeth procured the decree by fraud and failed to give proper notice. Additionally, they requested an accounting of the expense for the laying of sewer lines.
Ballard and Hudspeth filed a demurrer and general denial on June 8, 1981, and the City filed its answer on June 25, 1981, along with a motion to dismiss on grounds of laches. The City asserted that the Barretts had a road through their own property which intersected with St. Francis Drive, and that they had sold property since the vacation of the plat at a high value.
On September 14, 1983, forty-nine other citizens of Philadelphia filed a motion to intervene. They alleged that their location as neighboring landowners caused the decree vacating the plat to affect them and that they had not received statutory notice. The answer to the motion, filed on February 8, 1984, asserted the defense of laches.
The court heard argument on the motion to intervene on February 10, 1984. The court denied the motion to intervene on the basis of lack of due diligence. By final decree issued on March 30, 1984, the court dismissed both the intervenor's petition and the original petition to vacate for lack of due diligence.
The Barretts and the forty-nine would-be intervenors may have rights subject to adjudication and could be adversely affected by the proceedings begun by Ballard and Hudspeth. It is axiomatic that before one may be judicially deprived of a right, he must be given (a) reasonable advance notice of a hearing, at which (b) he is afforded a meaningful opportunity to assert and defend that right. See, e.g., Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); American Fidelity Fire Insurance Co. v. Athens Stove Works, Inc., 481 So.2d 292 (Miss. 1985); In Re Validation of $7,800,000 Combined Utility System Revenue Bond, 465 So.2d 1003, 1018 (Miss. 1985); Covington v. Covington, 459 So.2d 780, 782 (Miss. 1984).
This principle of hornbook constitutional law has been implemented in the legislative enactment which vests in the chancery courts authority to hear and adjudicate a proceeding to alter or vacate a plat. Miss. Code Ann. (1972) § 19-27-31 reads:
§ 19-27-31. Maps and plats  alteration and vacation.
If the owner of any land which shall have been laid off, mapped, or platted as *306 a city, town or village; or addition thereto, or subdivision thereof, or other platted area, whether inside or outside a municipality, shall be desirous of altering or vacating such map or plat, or any part thereof, he may, under oath, petition the chancery court for relief in the premises, setting forth the particular circumstances of the case and giving an accurate description of the property, the map or plat of which is to be vacated, or altered, and the names of the persons to be adversely affected thereby, or directly interested therein. The parties so named shall be made defendants thereto, and publication of summons shall be made one time in a newspaper published, or having a general circulation, in the county where the land is situated, and which publication shall clearly state the objects and purposes of the petition.
At any time after the expiration of five days from said publication and the service of process upon the named defendants, the cause or proceeding shall be triable, and the court in term time or the chancellor in vacation may hear the petition and all objections from any person thereto, and may decree according to the merits of the case. However, where all adversely affected or directly interested persons join in said petition, the same may be finally heard and determined by the court or chancellor at any time. If the decree vacate, in whole or in part, or alter the map or plat, it shall be recorded as a deed, and a memorandum thereof noted on the record of the map or plat.
Note that the statute is divided into two parts. The first paragraph contains the requirement of publication of summons in a newspaper published or having a general circulation in the county where the land is located. The second paragraph deals with the time in which the suit may be brought. It provides that the proceeding is triable at any time after five days from publication; however, where all interested parties are before the court, the suit may be brought at any time. This provision relates only to the time in which the cause may be heard  it does not negate the absolute requirement of publication.
In City of Wiggins v. Breazeale, 422 So.2d 270 (Miss. 1982), we held that "the chancery court has authority under Section 19-27-31 to alter and vacate maps or plats, or any part thereof, under facts and circumstances coming within the statute... ." Id. at 272 [emphasis added]. Ballard and Hudspeth have not contested the appellants' allegation that no publication was made of the proposal to vacate the plat of Hillcrest Subdivision, nor is there any indication of publication in the record.
We have carefully reviewed the rather confusing and complex record in this case and find that there is no question but that Ballard and Hudspeth did not comply with § 19-27-31. The statute plainly states that "persons to be adversely affected ... or directly interested... . shall be made defendants ... and publication of summons shall be made one time... ." The required publication was not made in this case, which invalidates the judgment subsequently entered. As the Court held in Road Material & Equipment Co. v. McGowan, 229 Miss. 611, 91 So.2d 554 (1956), a "judgment must be `according to established modes governing the class to which the case belongs, and ... not transcend, in the extent or character of its judgment, the law which is applicable to it.'" 229 Miss. at 626, 91 So.2d at 557. (quoting 31 Am.Jr. Judgments § 583.) Furthermore, where the lower court has "rendered a judgment which did not accord with the established rules ... and transcended in the extent of its judgment the law which is applicable to it, and to the court's powers ... . the want of power in the court to render the judgment ... appears upon the face of the record." Id. at 626, 91 So.2d at 557. See also Jones' Estate v. Culley, 242 Miss. 822, 134 So.2d 723 (1961). Because publication was not made, and because neither the Barretts nor the forty-nine would-be intervenors were otherwise given legally adequate or timely notice of the proceedings commenced by Ballard *307 and Hudspeth, the chancellor erred in dismissing this case on March 30, 1984.
Therefore, the petition for rehearing is granted. There being no previous opinion written, the mandate to affirm previously entered is withdrawn and the case is reversed and remanded to the Chancery Court of Neshoba County, Mississippi, for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.