LEE, P.J.,
 

 for the Court:
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 1. This appeal stems from Charles and Denise Hubbards’ attempt to subdivide one lot they owned in Broadacres subdivision in Gulfport, Mississippi, into two separate lots by inserting an interior lot line.
 

 
 *675
 
 ¶2. On August 23, 2007, the Gulfport Planning Commission (Commission) held a hearing on the Hubbards’ request to alter the subdivision plat. The neighboring property owners were not notified of the meeting. Charles testified that his goal in dividing the lot was to make the property more marketable and consistent with the neighboring lots. The Hubbards’ real estate agent and neighbor, David Jackson, testified that the Hubbards’ lots would be over a quarter of an acre each if divided in half, which was larger than most lots in the neighborhood. After the hearing, the Commission submitted a recommendation to the city council recommending that the request be approved.
 

 ¶ 3. The City notified the Hubbards and the neighboring residents that it would consider the issue, and a meeting was held on October 2, 2007. The adjoining property owners to the north and south, Phil Shaw and Greg McHugh, argued that the division of the Hubbards’ lot would be inconsistent with the neighborhood’s restrictive covenants and detrimental to the subdivision. Shaw and McHugh argue that their lots are approximately six-tenths of an acre, which is slightly larger than the Hubbards’ existing lot; thus, the division would not be consistent with the neighboring lots. The other nearby lots are slightly less than half an acre. Notwithstanding the size of the nearby lots, the staff report from the Commission states that the proposed parcels would meet all required codes, ordinances, minimum lot sizes, setbacks, and street-frontage requirements.
 

 ¶4. After the hearing, the City denied the Hubbards’ request. However, the City met again on October 16, 2007, to reconsider the request. The neighboring property owners were not notified of the meeting, but some neighbors who learned of the meeting attended to voice their objection. Those who were unable to attend submitted a petition opposing the request. After Charles submitted an affidavit stating that he would not build a duplex on either lot if his request was granted, the City approved the request to make the lot two separate lots. Notice of the approval was sent to the Hubbards and some of the neighboring property owners.
 

 ¶ 5. Two groups, the adjacent property owners and other residents of the subdivision, filed a bill of exceptions in the Circuit Court of Harrison County. The other residents claim that they were not given notice of the meeting; thus, important evidence and rebuttal testimony did not become part of the record. They assert that the City did not consider the size, depth, and setback of the proposed divided lot when reaching its decision. They argued that constructing two homes on the one existing lot would create congestion because the lot is situated on a narrow, dead-end street. The circuit court agreed with the residents and found that the Hubbards had failed to follow proper statutory procedure, such as notifying interested parties and obtaining written approval, in their attempt to alter the subdivision plat. Therefore, the circuit court reversed and vacated the decision of the City, finding that it acted without authority in approving the division of the Hub-bards’ lot.
 

 ¶ 6. The City now appeals, asserting the following issues: (1) it was not necessary for the Hubbards to follow the guidelines of Mississippi Code Annotated section 17-1-23(4) (Rev.2003) because the insertion of an interior lot line into an existing lot does not trigger the requirements of this section, and (2) in the alternative, the objecting parties were not required to agree in writing to the amendment to the subdivision plat before the City was allowed to proceed. Finding no error, we affirm the judgment of the circuit court.
 

 
 *676
 
 STANDARD OF REVIEW
 

 ¶ 7. This Court will not disturb an administrative agency’s findings “unless the agency’s order 1) is not supported by substantial evidence, 2) is arbitrary or capricious, 3) is beyond the scope or power granted to the agency, or 4) violates one’s constitutional rights.”
 
 Johnson v. Miss. Employment Sec. Comm’n,
 
 767 So.2d 1088, 1090 (¶ 7) (Miss.Ct.App.2000) (citing
 
 Sprouse v. Miss. Employment Sec. Comm’n,
 
 689 So.2d 901, 902 (Miss.1994)). “A rebuttable presumption exists in favor of the administrative agency, and the challenging party has the burden of proving otherwise.”
 
 Id.
 

 DISCUSSION
 

 ¶ 8. The City argues that the insertion of an interior lot line into a parcel of property in a subdivision is not considered a vacation or alteration of the subdivision plat as to invoke the provisions of section 17-1-23(4).
 

 ¶ 9. Section 17-1-23(4) states:
 

 If the owner of any land which shall have been laid off, mapped or platted as a city, town or village, or addition thereto, or subdivision thereof, or other platted area, whether inside or outside a municipality, desires to alter or vacate such map or plat, or any part thereof, he may petition the board of supervisors of the county or the governing authorities of the municipality for relief in the premises, setting forth the particular circumstances of the case and giving an accurate description of the property, the map or plat of which is to be vacated or altered and the names of the persons to be adversely affected thereby or directly interested therein. However, before taking such action, the parties named shall be made aware of the action and must agree in writing to the vacation or alteration. Failure to gain approval from the parties named shall prohibit the board of supervisors or governing authorities from altering or vacating the map or plat, or any part thereof. Any alterations of a plat or map must be recorded in the appropriate location and a note shall be placed on the original plat denoting the altered or revised plat. No land shall be subdivided nor shall the map or plat of any land be altered or vacated in violation of any duly recorded covenant running with the land.
 

 ¶ 10. Pursuant to section 17-1-23(4), we must determine the following: (1) whether the Hubbards sought to “alter or vacate” a plat of land that falls within the purview of this statute; (2) whether the Hubbards followed the statutory procedure in petitioning the governing authorities by “setting forth the particular circumstances of the case and giving an accurate description of the property, the map or plat of which is to be vacated or altered and the names of the persons to be adversely affected thereby or directly interested therein”; and (3) who the “adversely affected” or “directly interested” parties are, whether they were made aware of the action, and whether they agreed to it in writing.
 

 ¶ 11. In
 
 COR Developments, LLC v. College Hill Heights Homeowners, LLC,
 
 973 So.2d 273, 276 (¶2) (Miss.Ct.App. 2008), this Court held that a lot owner who seeks to alter a subdivision plat must follow the statutory plat-vacation procedure outlined in either section 17-1-23(4) or Mississippi Code Annotated section 19-27-31 (Rev.2003), which states the procedure for petitioning the chancery court for an alteration of a subdivision plat. We also noted that although both statutes state that a landowner “may” petition for relief, “the supreme court has consistently viewed the statutory plat-alteration procedure as mandatory for a landowner to secure alteration or vacation of a plat or
 

 
 *677
 
 map.”
 
 COR Developments,
 
 973 So.2d at 284 (¶ 25) (citing
 
 Barrett v. Ballard,
 
 483 So.2d 304, 306 (Miss.1985);
 
 Reinecke v. Reinecke,
 
 105 Miss. 798, 806, 63 So. 215, 216 (1913)). This Court found that “the word ‘may5 merely signifies that a landowner may seek relief under the statutes, or instead may content himself with the status quo.”
 
 Id.
 

 ¶ 12. The Hubbards failed to follow statutory procedure by not notifying the adversely affected or directly interested parties and obtaining their approval in writing. Further, it was not determined who the appropriate adversely affected or directly interested parties were. The terms “adversely affected” and “directly interested” are not defined in the statute; thus, this was a factual issue that should have been determined by the Commission.
 

 ¶ 13. Having found that the Hubbards failed to follow the mandatory provisions of section 17-1-23(4), we find that the decision of the Commission allowing the division of the Hubbards’ property was in error. We agree with the circuit court that the City exceeded its statutory authority when it granted the application to resubdivide the Hubbards’ property. This issue lacks merit.
 

 ¶ 14. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., MYERS, P.J., IRVING, GRIFFIS, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR. BARNES AND CARLTON, JJ., NOT PARTICIPATING.