# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2025-CA-00625-SCT

***THEODORE LONGO, AMY LONGO, JOSEPH
LEE, SUSAN LEE, GERALD SONNIER AND AMY
DAVIS***

***v.***

***THE CITY OF WAVELAND AND BEACH WALK
DEVELOPMENT, LLC***

| | |
|---|---|
| DATE OF JUDGMENT: | 05/08/2025 |
| TRIAL JUDGE: | HON. RANDI PERESICH MUELLER |
| TRIAL COURT ATTORNEYS: | VIRGIL G. GILLESPIE |
| | MALCOLM F. JONES |
| | MATTHEW W. McDADE |
| | JAMES EVERETT LAMBERT, III |
| COURT FROM WHICH APPEALED: | HANCOCK COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | VIRGIL G. GILLESPIE |
| ATTORNEYS FOR APPELLEES: | RONALD J. ARTIGUES, JR. |
| | MATTHEW W. McDADE |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 04/16/2026 |
| MOTION FOR REHEARING FILED: | |

**BEFORE COLEMAN, P.J., GRIFFIS AND BRANNING, JJ.**

**GRIFFIS, JUSTICE, FOR THE COURT:**

¶1.     Theodore Longo, Amy Longo, Joseph Lee, Susan Lee, Gerald Sonnier, and Amy

Davis (collectively, "Longo") appeal the circuit court's decision to affirm the City of

Waveland's approval of Beach Walk Development LLC's (Beach Walk Development)

applications requesting conditional use and preliminary plat approval for a residential

planned development project.  Because the City of Waveland's approval of the applications

is supported by substantial evidence and is neither arbitrary nor capricious, the circuit court's

decision is affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2.     In 2019, Beach Walk Development filed applications with the City of Waveland's Planning and Zoning Commission (Commission) requesting conditional use and preliminary plat approval for a residential planned development project. According to the applications, Beach Walk Development planned to develop nineteen residential lots on approximately six acres of land near North Beach Boulevard in Waveland. After a hearing, the Commission recommended that the City of Waveland approve the applications.

¶3.     The City of Waveland Board of Aldermen (Board) held a hearing on the applications and ultimately approved the applications. Longo[1] objected to the approval of the applications and appealed the Board's decision to the Hancock County Circuit Court. The circuit court reversed the Board's decision on procedural grounds.

¶4.     In 2020, Beach Walk Development resubmitted its applications for conditional use and preliminary plat approval. The resubmitted applications were nearly identical to the original applications except that the resubmitted applications addressed some of Longo's concerns asserted in 2019.

¶5.     The Commission held two hearings on Beach Walk Development's resubmitted applications, the first in October 2020 and the second in January 2021. Beach Walk Development and Longo, along with their counsel and experts, were present. After the second hearing, the Commission found that all criteria of the applicable zoning ordinances

---

[1] Longo owns property near the proposed development project.

2

had been met, and it voted three-to-one to recommend approval of the applications.

¶6.     In February 2021, a hearing on the applications was held before the Board. Beach Walk Development and Longo were present, along with their counsel and experts. After the hearing, the Board voted to approve Beach Walk Development's applications. Longo timely appealed the Board's decision to the circuit court. The notice of appeal named the City of Waveland as an appellee, but it did not name Beach Walk Development as an appellee.

¶7.     Beach Walk Development moved to intervene and to dismiss the appeal for a lack of jurisdiction. The circuit court granted the motions and dismissed the appeal "finding that Longo's omission of Beach Walk [Development] rendered its notice of appeal fatally defective." *Longo v. City of Waveland*, 353 So. 3d 437, 439 (Miss. 2022). Longo appealed. *Id.*

¶8.     On appeal, the Court reversed the circuit court's dismissal. *Id.* at 446. The Court stated "that naming all petitioners as appellees in a notice of appeal is a procedural requirement and . . . is not jurisdictional," *id.* at 444, and that "[o]mitting the name of an appellee from the notice of appeal does not require dismissal of the appeal but is subject to correction after the appeal's perfection." *Id.* at 446 (citing M.R.A.P. 3(a)). The Court remanded the case to the circuit court for consideration. *Id.* at 446.

¶9.     On remand, the circuit court affirmed the Board's decision to approve Beach Walk Development's applications for conditional use and preliminary plat approval. Longo timely appealed.

¶10.    On appeal, Longo argues: (1) the Commission's and Board's actions are contrary to

3

and violate Mississippi Code Section 17-1-23 (Rev. 2024), (2) the Commission's and Board's actions are arbitrary and capricious and not supported by substantial evidence, (3) the Commission's and Board's decisions are contrary to the city ordinances, and (4) the city attorney was wrongfully appointed hearing officer at the hearing before the Commission.

## STANDARD OF REVIEW

¶11. "Conditional use permits are adjudicative in nature[.]" *Barnes v. Bd. of Supervisors, DeSoto Cnty.*, 553 So. 2d 508, 510-11 (Miss. 1989) (citing *Currie v. Ryan*, 243 So. 2d 48, 51-52 (Miss. 1970); *Arnel Dev. Co. v. City of Costa Mesa*, 620 P.2d 565, 568 (Cal. 1980); *Humble Oil & Refining Co. v. Bd. of Aldermen of Chapel Hill*, 202 S.E.2d 129, 137 (N.C. 1974); *Bauer v. City of Wheat Ridge*, 513 P.2d 203 (Colo. 1973)). "[T]he burden is upon the applicants to prove by a preponderance of the evidence that they have met the elements/factors essential to obtaining the conditional use permit." *Id.* at 511. "If the Board's decision is founded upon substantial evidence, then it is binding upon an appellate court, *i.e.*, the Circuit Court and this Court." *Id.* "This is the same standard of review which applies in appeals from decisions of other administrative agencies and boards." *Id.*

¶12. "The decision of an administrative agency is not to be disturbed unless the agency order was unsupported by substantial evidence; was arbitrary or capricious; was beyond the agency's scope or powers; or violated the constitutional or statutory rights of the aggrieved party." *Wilkinson Cnty. Bd. of Supervisors v. Quality Farms, Inc.*, 767 So. 2d 1007, 1010 (Miss. 2000) (internal quotation marks omitted) (quoting *Hooks v. George Cnty.*, 748 So. 2d 678, 680 (Miss. 1999)). "Substantial evidence has been defined as 'such relevant evidence

as reasonable minds might accept as adequate to support a conclusion' or to put it simply, more than a 'mere scintilla' of evidence." *Id.* (quoting **Hooks**, 748 So. 2d at 680).

## DISCUSSION

I.      *Whether the Commission's and Board's decisions are contrary to and violate Mississippi Code Section 17-1-23(4).*

¶13.    Mississippi Code Section 17-1-23(4) provides:

*If the owner of any land which shall have been laid off, mapped or platted as a city*, town or village, or addition thereto, or subdivision thereof, or other platted area, whether inside or outside a municipality, *desires to alter or vacate such map or plat*, or any part thereof, *he may petition the board of supervisors of the county or the governing authorities of the municipality for relief in the premises*, *setting forth* the particular circumstances of the case and giving an accurate description of the property, the map or plat of which is to be vacated or altered and *the names of the persons to be adversely affected thereby or directly interested therein. However, before taking such action, the parties named shall be made aware of the action and must agree in writing to the vacation or alteration. Failure to gain approval from the parties named shall prohibit the board of supervisors or governing authorities from altering or vacating the map or plat, or any part thereof.* Any alterations of a plat or map must be recorded in the appropriate location and a note shall be placed on the original plat denoting the altered or revised plat. No land shall be subdivided nor shall the map or plat of any land be altered or vacated in violation of any duly recorded covenant running with the land. Any municipality which shall approve such a vacation or alteration pursuant to this section shall be exempt from the sale of surplus real property provisions as set forth in Section 21-17-1.

Miss. Code Ann. § 17-1-23(4) (Rev. 2024) (emphasis added).

¶14.    Longo asserts, "[i]n the case before the Court, the attempt was to alter part of Lot 12 into two lots and part of Lot 14[2] into seventeen lots with streets, etc. . . . When the . . . Commission and the [Board] approved the preliminary plat of this subdivision, it was, at that

---

2 Lots 12 and 14 are located in the Second Ward of the City of Waveland.

time, the alteration of an existing plot." Longo claims Section 17-1-23(4) "leaves no doubt that these lots cannot be altered or changed in any respect except upon agreement of persons to be adversely affected or directly interested or by a chancery court action." According to Longo, the Commission's and Board's decisions were contrary to and in violation of Section 17-1-23(4) and should be reversed because, "[a]t the time the City of Waveland approved this subdivision, . . . the statutory procedure of notifying adversely affected or directly interested parties and obtaining their approval in writing or taking the matter to chancery court had not occurred." We disagree and find the notice procedure under Section 17-1-23(4) is inapplicable.

¶15. A city plat or map may be altered in two ways. The first option is under Mississippi Code Section 19-27-31 (Rev. 2024), which "requires mandatory notice and an opportunity to be heard for those persons directly interested in or adversely affected by a landowner's proposed alteration or vacation of a map or plat, followed by an adjudication on the merits by the chancery court." *COR Devs., LLC v. Coll. Hill Heights Homeowners, LLC*, 973 So. 2d 273, 283-84 (Miss. Ct. App. 2008). The second option is under Section 17-1-23(4), which requires written approval from "the persons to be adversely affected thereby or directly interested therein" before a petition to the board of supervisors or governing authorities may be filed. § 17-1-23(4).

¶16. Longo claims the notice procedures under Section 17-1-23(4) were not met. For the notice procedures of Section 17-1-23(4) to apply, the land at issue "shall have been laid off, mapped or platted as a city, town or village, or addition thereto, or subdivision thereof, or

6

other platted area[.]" § 17-1-23(4). Mississippi law establishes how maps and plats, including a city map or plat, are to be created. "Whenever any city, town, or village, or addition thereto, shall be laid out, the proprietor thereof shall cause a true map or plat thereof to be made by a civil engineer, surveyor, or other competent person." Miss. Code Ann. § 19-27-21 (Rev. 2024). "Such map or plat *shall be recorded* in the office of the clerk of the chancery court of the county or counties where the land lies. . . . The clerk *shall* certify on the map or plat and note on the duplicate the time when it was recorded, and *make a reference on the map to the book and page where recorded*." Miss. Code Ann. § 19-27-27 (Rev. 2024) (emphasis added).

¶17. Longo failed to present any evidence before the Commission or Board that a properly created map or plat of the Second Ward of the City of Waveland had been recorded. In fact, Longo concedes that the plat is not recorded in the Hancock County Chancery Clerk's Office.[3] Without a map or plat meeting the requirements of Section 19-27-27, Section 17-1-23(4) does not apply. Stated differently, if the map or plat was never properly recorded under Section 19-27-27, then there is no properly recorded map or plat to alter under Section 17-1-23(4).

¶18. Longo asserts that the circuit court "essentially stated that the plat . . . does not exist so Section 17-1-23(4) doesn't come into play." But as the record reflects, the circuit court did not find that the plat does not exist. Instead, the circuit court correctly noted that no evidence was presented that the plat ever was properly recorded under Section 19-27-27.

---

[3] It is undisputed that the land at issue "lies" in Hancock County. § 19-27-27.

Specifically, the circuit court stated:

> The primary issue on appeal is whether Waveland was shown to be a platted and mapped city. The record is void of any reference to where a plat is recorded in the land records of Hancock County, Mississippi. Counsel for [Longo] argues that there is anecdotal evidence of a plat, but fails to produce any record of the plat being filed or even any reference to where such document was recorded with the Chancery Clerk's Office, such as a plat book and page designation or even date of filing. [Longo] failed to present any affirmative evidence before either the Commission or Board that such a map exists that meets all the standards required under Mississippi law.

¶19. Longo argues that Section 17-1-23(4) "doesn't say anything about the need for it to be recorded . . . [;] it just says if it's been laid out. There can't be much doubt that the Second Ward of the [City] of Waveland has been laid out." But "[w]henever any city [or] town . . . shall be laid out, the proprietor . . . shall cause a true map or plat thereof to be made[.]" § 19-27-21. And that map or plat "shall be recorded" in the chancery clerk's office. § 19-27-27. Thus, even if the land has been laid out as Longo contends, there is no evidence that a map or plat thereof was ever recorded in the chancery clerk's office.

¶20. In support of their argument, Longo relies on three cases: ***COR Developments, LLC***, 973 So. 2d 273, ***City of Gulfport v. McHugh***, 38 So. 3d 674 (Miss. Ct. App. 2010), and ***DeSoto County v. Vinson***, 352 So. 3d 1139 (Miss. Ct. App. 2022).

¶21. In ***COR Developments, LLC***, COR "argue[d] that compliance with the statutory procedure is permissive, not mandatory, because both statutes provide that a landowner desiring to alter a plat 'may' petition for relief." ***COR Devs., LLC***, 973 So. 2d at 283. The court disagreed and found that the statutory plat alteration procedure was mandatory stating, "the word 'may' merely signifies that a landowner may seek relief under the statutes, or

8

instead may content himself with the status quo." *Id.* at 284.

¶22. In *McHugh*, the court found that the mandatory provisions of Section 17-1-23(4) were not followed and that the city "exceeded its statutory authority when it granted the application to resubdivide the . . . property." *McHugh*, 38 So. 3d at 677.

¶23. In *Vinson*, the court found "the landowner's failure . . . to accompany the application with the names of those persons adversely affected or directly interested and their signatures approving the division of the subject property violated the requirements of section 17-1-23(4)." *Vinson*, 352 So. 3d at 1145.

¶24. But these cases are distinguishable. While *COR Developments, LLC*, *McHugh*, and *Vinson* confirm that statutory compliance with Section 17-1-23(4) is mandatory, the issue here is not statutory compliance but, instead, statutory applicability. The issue in this case, whether the map or plat had been properly recorded, was not asserted or addressed in *COR Developments, LLC*, *McHugh*, or *Vinson*.

¶25. In *Barrett v. Ballard*, property owners filed a petition to vacate a subdivision plat. *Barrett v. Ballard*, 483 So. 2d 304, 305 (Miss. 1985). The city joined the petition, and the chancery court "issued a decree vacating the plat[.]" *Id.* On appeal, the Court found the petitioners had failed to comply with the statutory notice procedure in Mississippi Code Section 19-27-31 because they had never published a summons in a county newspaper of general circulation. *Id.* The Court held that because it was obtained without legally adequate and timely notice, the chancery court's decree vacating the plat was invalid. *Id.* at 306-07.

9

¶26. Notably, in **Barrett**, *evidence was presented of a recorded plat*. **Id.** at 305. As a result, in order to alter or vacate the plat, compliance with the statutory notice procedures was mandatory. **Id.** at 306. Here, unlike in **Barrett**, no evidence of a plat filed or recorded with the Hancock County chancery clerk was adduced. Without evidence of a recorded plat, there is no recorded plat to alter, and compliance with the statutory notice procedures under Section 17-1-23(4) is not an issue.

¶27. The record is void of any evidence that a validly created map or plat ever was recorded as required under Section 19-27-27. The record is further void of any reference to a book and page where said map or plat are recorded. Without such evidence in the record, Longo's argument fails because there is no properly recorded map or plat to be altered under Section 17-1-23(4).

> II.    *Whether the Commission's and Board's decisions are arbitrary or capricious and not supported by substantial evidence.*

¶28. Longo argues Beach Walk Development "produced absolutely no evidence" and "absolutely no proof whatsoever . . . regarding the conditional use." We disagree.

¶29. Under Article IX, Section 906.3(A), of the City of Waveland's ordinances, six factors must be considered when determining whether to grant an application for conditional use: (1) whether the project will substantially increase traffic hazards or congestion, (2) whether the project will substantially increase fire hazards, (3) whether the project will adversely affect the character of the neighborhood, (4) whether the project will adversely affect the general welfare of the city, (5) whether the project will overtax public utilities or community facilities, and (6) whether the project will be in conflict with the comprehensive plan.

https://library.municode.com/ms/waveland/codes/code_of_ordinances?nodeId=PTIICOOR_APXBZO_ARTIXPLZOCO_S906PODUPLZOCO (last visited Apr. 1, 2026).

¶30.   In support of its application, Beach Walk Development included detailed conceptual plans and a preliminary plat outlining all necessary requirements under the applicable ordinances such as utilities, roads, lighting, tree preservation, and ground elevations. Beach Walk Development also presented to both the Commission and Board a slide-show presentation outlining all necessary elements required by the City of Waveland including traffic impact, fire hazards, characteristics of the neighborhood surrounding the development, and the fact that the development furthers the City of Waveland's comprehensive plan, promotes the general welfare of the City of Waveland, and does not overtax utilities. Additionally, Beach Walk Development's engineer, Jason Chiniche, attended both hearings and answered all questions asked by the Commission and/or Board.

¶31.   Despite Longo's assertion, the record reflects that the six factors for conditional use were extensively discussed at the hearings and considered by both the Commission and Board. The Commission and Board heard from both sides, including each party's expert, regarding the factors. As the circuit court stated, "[t]here is insufficient evidence to establish that the decision to approve the Beach Walk Development was arbitrary, capricious, or not supported by the substantial weight of the evidence."

> III.   *Whether the Commission's and Board's decisions are contrary to the City of Waveland's ordinances.*

¶32.   The property at issue is zoned R-1, which requires single family lots of at least 12,000 square feet.

11

https://library.municode.com/ms/waveland/codes/code_of_ordinances?nodeId=PTIICOO R_APXBZO_ARTVIIARYAHERE_S701ARYAHERESIMIREDI (last visited Apr. 1, 2026). Longo asserts, "[o]ne of the primary objections to th[e] subdivision is the congested density of this parcel of land as evidenced by lots as small as 6,168 square feet." Longo claims that a 6,168 square foot lot disregards the R-1 zoning requirements and argues that the Commission's and Board's decisions were erroneous because the project deviates too much from the R-1 zoning requirements.

¶33. But Article IV, Section 401.8, of the City of Waveland's ordinances states that a residential planned development project "may depart from literal conformance with individual lot dimension and area regulations."

https://library.municode.com/ms/waveland/codes/code_of_ordinances?nodeId=PTIICOO R_APXBZO_ARTIVGERE_S401REALDE (last visited Apr. 1, 2026). In other words, Section 401.8 allows for residential planned developments to be approved even when they do not conform to the specific zoning requirements.

¶34. Longo argues there is "a serious conflict in the [o]rdinance[s]" since "[i]n all instances in R-1 zoning . . . , the word 'shall' is used when referring to the required 12,000 square foot lot sizes" but "Section 401.8 uses the word 'may' when it says that 'these developments may depart from literal conformance." Longo questions "what . . . the [o]rdinance mean[s]" if "'may' is permissive [and] 'shall' is mandatory[.]" But Longo's concerns were addressed at the hearings. Indeed, Longo admits that "[a]ll of this was covered by the report of [their planning expert, Donovan] Scruggs." That report was presented and considered by the

Commission and Board.

¶35. Longo asserts there is nothing in the record "to justify a finding that the requirements of the zoning ordinance regarding conditional use had been met," that "there was [no] interpretation of Section 401.8 . . . allowing a planned development," and that "there [is] nothing . . . to indicate the basis of the approval of the application[.]" But the record reflects that the six factors under Section 906.3(A) for conditional use as well as Section 401.8 were discussed in detail during both hearings before the Commission and Board. Beach Walk Development presented an engineer to demonstrate how the applicable ordinances were met, and Longo admits that its planning expert "detailed how [the zoning ordinances] were not complied with." The Commission and Board, having heard and considered the testimony and supporting documents presented by both parties and having had the opportunity to ask questions regarding the ordinances, voted in favor of Beach Walk Development. That vote included a finding that all applicable criteria had been met. Simply because the Commission and Board disagreed with Longo does not make their decisions erroneous. As the circuit court stated,

> There was more than enough evidence before the Commission and the Board to determine that the proposed [d]evelopment met the requirements established by the City's [z]oning and [s]ubdivision [o]rdinances. [Longo] fails to point this [c]ourt to any evidence that would show that the deviations allowed for by Section 401.8 somehow make the decision of the City arbitrary and capricious. Section 401.8 of the [z]oning [o]rdinance allows for the [r]esidential [p]lanned [u]nit [d]evelopments to be approved when they do not conform to the specific zoning requirements.

IV.    *Whether the city attorney's role as hearing officer was improper.*

¶36. At the hearing before the Commission, Malcolm Jones, the City of Waveland's

13

attorney, announced that the mayor had asked him to serve as hearing officer. Longo argues that such action "amount[ed] to a usurpation of the independence of the . . . Commission" and invalidates the Commission's decision.

¶37. Notably, neither Longo nor its counsel objected to Jones's acting in this capacity during the hearing. Additionally, Longo cites no authority for its contention that Jones's role as hearing officer invalidates the Commission's hearing. Moreover, Longo fails to show how such action was prejudicial.

¶38. The record reflects that Jones's role as hearing officer was procedural in nature. Jones explained the purpose of the hearing, asked that participants not talk over each other,[4] made sure exhibits were marked and made part of the hearing, and noted the votes at the conclusion of the hearing. Both sides were provided the time they needed to present their positions to the Commission, and the Commission had ample opportunity to ask questions from each party.

¶39. Nothing in the record suggests that Jones improperly influenced the Commission. As the circuit court correctly noted, "[t]he [c]ourt finds nothing in the record deprived the . . . Commission of its authority to make an independent recommendation."

## CONCLUSION

¶40. The Board's decision was supported by substantial evidence, was neither arbitrary nor capricious or beyond the agency's scope or powers, and it did not violate the constitutional or statutory rights of Longo. *Quality Farms, Inc.*, 767 So. 2d at 1010 (quoting *Hooks*, 748

---

[4] The record indicates that the hearing was conducted in person, with two commissioners participating by video conference.

14

So. 2d at 680).  As a result, the circuit court's judgment affirming the Board's approval of Beach Walk Development's applications for conditional use and preliminary plat approval is affirmed.

¶41.    **AFFIRMED.**

**KING AND COLEMAN, P.JJ., ISHEE, SULLIVAN AND BRANNING, JJ., CONCUR. RANDOLPH, C.J., NOT PARTICIPATING.**